OPINION OF THE COURT

Per Curiam.

Petitioner has brought this proceeding to review a determination of the State Commission on Judicial Conduct that he be removed as a Justice of the Fulton Town Court, Schoharie County. After reviewing the commission’s findings of facts and conclusions of law (see NY Const, art VI, *340 § 22, subd d), this court concludes that petitioner should be removed from office.
Petitioner, who is not an attorney, was elected in November, 1979 to a four-year term as Town Justice beginning January 1, 1980. On April 1, 1982, the commission served petitioner with a complaint alleging that he had demonstrated unfitness to hold judicial office by continuing to preside over cases even though he lacked the required certification to act as a Judge. The commission, following a hearing before a referee, sustained the charge and determined that petitioner should be removed from office. In this proceeding, petitioner concedes that he presided over cases while uncertified, but stresses that he has since received certification and argues that removal is an excessively harsh sanction.
Pursuant to the State Constitution (NY Const, art VI, § 20, subd c), the Legislature has provided that a Town or Village Justice who is not admitted to practice law in this State may not assume the functions of office unless he or she has filed “a certificate of completion of a course of education and training prescribed by the administrative board” (UJCA, § 105, subd [a]; see, also, Town Law, § 31, subd 2). A basic course, under the auspices of the Chief Administrator of the Courts, must be taken at the first available session after a new Justice’s selection. Upon satisfactorily completing the course, the Justice is certified. For continued certification, the Justice is required to complete the next available offering of the advanced course (Rules of the Chief Judge, rule 17.2 [22 NYCRR]).
The essential facts are not disputed. Petitioner failed to complete the first basic training course after his election, offered in November, 1979, and therefore was not certified to perform the duties of Town Justice when he assumed office on January 1,1980. He received temporary certification on April 28, 1980, but had heard seven cases in the interim. In July, 1980, petitioner successfully completed the basic training course and received certification. Due to petitioner’s failure to timely complete the advanced course, his certification expired on December 31, 1980. In March, 1981, petitioner attended the advanced course but failed the final examination. He failed to take the advanced *341 course the next five times it was offered — May, July, September, and October, 1981, and February, 1982. In March, 1982, petitioner again took the advanced course and again failed. In June, 1982, he successfully completed the advanced course.
Although petitioner was not certified during any part of 1981 and thus could not legally perform the functions of his office, petitioner heard 84 cases during that year. He handled 17 of these cases after being notified on October 9, 1981, by the commission that it was investigating a complaint concerning his lack of certification. Petitioner had previously been notified by his administrative Judge and the Office of Court Administration that his failure to achieve certification precluded him from exercising his judicial functions. Petitioner’s response, in a letter to the commission, was only a general statement that he had been “sick”.
A second Justice for the Town of Fulton took office on January 1, 1982. The following month, after receiving complaints from the District Attorney and an enforcement officer of the Department of Environmental Conservation about problems created by petitioner’s lack of certification, the town board requested that petitioner resign. Petitioner refused to do so, but did transfer the 14 cases pending before him to the other Town Justice in April.
In arguing that the sanction of rémoval is too harsh, petitioner emphasizes that he is now qualified to perform the duties of Town Justice. This is true, but it is irrelevant. More is involved than petitioner’s failure to fulfill the requirements for certification. Not only did he fail to successfully complete the advanced training course until June, 1982, but from May, 1981 through February, 1982 he failed even to attend the course although it was offered five times during that period. Petitioner states that he was too ill to attend any of these sessions, yet he presented no evidence to support this assertion and the record indicates that whatever illnesses petitioner may have suffered did not prevent him from presiding over cases throughout 1981.
The most disturbing aspect of petitioner’s conduct, however, was his continuing to preside over cases despite his *342 lack of certification. Petitioner was legally barred from exercising the functions of the office of Town Justice. This fact was repeatedly brought to petitioner’s attention, as was the possibility that his conduct could lead to removal from office. Nevertheless, petitioner continued to hear cases and exercise the functions of his office even though he knew he lacked authority to do so. That petitioner was the only Town Justice in the Town of Fulton during 1981 did not excuse his conduct. Petitioner should have disqualified himself from hearing cases until he received certification.
In conclusion, petitioner presided over nearly 100 cases while he was prohibited by statute and the State Constitution from doing so. Moreover, petitioner persisted in hearing cases in the face of numerous warnings and complaints about the illegality of his activity. This deliberate and repeated flouting of the law constitutes misconduct rendering petitioner unfit for judicial office.
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Elmer L. Lobdell removed from the office of Justice of the Fulton Town Court, Schoharie County.